**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **STATE OF MISSISSIPPI *ex rel.*** <br> **JIM HOOD, ATTORNEY GENERAL** <br> **OF THE STATE OF MISSISSIPPI** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 3:19cv353-HTW-LGI** |
| **CREDIT ACCEPTANCE** <br> **CORPORATION** | **DEFENDANT** |

**CREDIT ACCEPTANCE CORPORATION'S RESPONSE TO
STATE OF MISSISSIPPI'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Credit Acceptance Corporation ("Credit Acceptance") respectfully submits this Response to Plaintiff State of Mississippi's purported Notice of Supplemental Authority [Doc. #27], which attached a decision from a Massachusetts state court denying Credit Acceptance's motion to dismiss a complaint filed by the Commonwealth of Massachusetts.

The Massachusetts state court's decision has nothing to do with the issue of federal subject matter jurisdiction, and thus does not have even persuasive value here. The State of Mississippi's attempt to compare and contrast the allegations in two distinct lawsuits involving different causes of action is a moot exercise, as Credit Acceptance's litigation decisions and strategies in the Massachusetts lawsuit have no bearing whatsoever on whether the jurisdictional and procedural requirements for removal are met in this case. Rather, the determination as to whether the State of Mississippi's Motion to Remand [Doc. #14] must be denied is based on whether: (1) Credit Acceptance's Notice of Removal [Doc. #1] was timely and otherwise satisfied the requirements of 28 U.S.C. § 1446; (2) venue is proper in this District and Division under 28 U.S.C. § 1446(a); and (3) this Court has subject matter jurisdiction over this civil action under to 28 U.S.C. § 1331, such

that removal was proper under 28 U.S.C. § 1441(a).

There is no dispute that the first two considerations are satisfied here. And as to the disputed issue of this Court's subject matter jurisdiction, as set forth in Credit Acceptance's Notice of Removal and demonstrated in Credit Acceptance's Memorandum of Law in Opposition to State of Mississippi's Motion to Remand and for Costs and Fees [Doc. #19], the claims and allegations in *this case* involve federal issues that are actually disputed and substantial, and which this Court may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008); *see also* Doc. #1 ¶¶ 7-25.

It is well-established that "when a federal court has jurisdiction, it also has a 'virtually unflagging obligation to exercise' that authority." *Mata v. Lynch*, 576 U.S. 143, 150 (2015) (cleaned up) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). As such, the Court should reject the State of Mississippi's attempt to obtain remand based on a Massachusetts state court's inapposite denial of Credit Acceptance's motion to dismiss a complaint in an entirely different case, which did not address (and could not have addressed) whether a federal court would have subject matter jurisdiction over that action.

DATED: May 28, 2021

                                                Respectfully submitted,

                                                **CREDIT ACCEPTANCE CORPORATION**

By:   */s/ R. David Kaufman*
       One of Its Attorneys

OF COUNSEL:

| **BRUNINI, GRANTHAM,** | **SKADDEN, ARPS, SLATE,** |
| **GROWER & HEWES, PLLC** | **MEAGHER & FLOM LLP** |

R. David Kaufman (MS Bar No. 3526)
M. Patrick McDowell (MS Bar No. 9746)
Cody C. Bailey (MS Bar No. 103718)
The Pinnacle Building, Suite 100
190 East Capitol Street (39201)
Post Office Drawer 119
Jackson, MS 39205
(601) 948-3101
(dkaufman@brunini.com)
(pmcdowell@bruninni.com)
(cbailey@brunini.com)

Patrick G. Rideout (*pro hac vice*)
One Manhattan West
New York, NY 10001
(212) 735-3000
(patrick.rideout@skadden.com)

Anand S. Raman (*pro hac vice*)
Darren M. Welch (*pro hac vice*)
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000
(anand.raman@skadden.com)
(darren.welch@skadden.com)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                        */s/ R. David Kaufman*
                                        R. David Kaufman, MS Bar No. 3526